**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **CASE NO. 5:24-cr-00011-RWS-JBB-1** |
| | § | |
| **CODY ALLEN COLEMAN** | § | |

**REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

On October 13, 2026, the Court held a hearing on the Government's Petition for Warrant or Summons for Offender Under Supervision (Dkt. No. 13). The Government was represented by Assistant United States Attorney Lauren Richards. Defendant was represented by John Brandt Thorson.

**BACKGROUND**

Cody Allen Coleman ("Defendant") was sentenced on June 11, 2020, before The Honorable Walter David Counts of the Western District of Texas after pleading guilty to the offense of Felon in Possession of a Firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 15 and a criminal history category of VI, was 41 to 51 months. Coleman was subsequently sentenced to 51 months imprisonment and 3 years supervised release subject to the standard conditions of release, plus special conditions to include submitting his or her person, property, house, residence, vehicle, papers, computers, other electronic communication or data storage devices or media, or office to a search conducted by a United States Probation Officer. On December 14, 2023, Coleman completed his period of imprisonment and began service of the supervision term. On December 13, 2023, his conditions of supervision were modified to include substance abuse aftercare. On February 21, 2024, jurisdiction of this case was transferred to the

Eastern District of Texas, and assigned to the Honorable Robert W. Schroeder, III. On September 12, 2024, Coleman's supervised release was revoked, and he was sentenced to 16 months imprisonment with 12 months of supervised release to follow. His supervised release was revoked due to a new arrest for Possession of a Controlled Substance and Possession of Marijuana; submitting urine samples that were positive for methamphetamine; failing to report for drug testing; and failing to attend treatment sessions which resulted in unsuccessful discharge from drug abuse treatment.

On December 12, 2025, Coleman completed his period of imprisonment and began service of the second supervision term.

## PETITION TO REVOKE

In its Petition for Warrant or Summons for Offender Under Supervision (Dkt. No. 13), the Government alleges Defendant violated the following conditions:

**1) Defendant must not commit another federal, state, or local crime.** Specifically, the Government alleges that, on July 14, 2026, Mr. Coleman possessed a squirt bottle containing another person's urine for the purpose of adulterating and/or falsifying a drug test in violation of Texas Health and Safety Code Section 481.133, a Class B Misdemeanor.

**2) Defendant must refrain from any unlawful use of a controlled substance. Defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.** Specifically, the Government alleges that, on May 14, 2026; May 20, 2026; and July 14, 2026, Mr. Coleman submitted urine samples that were positive for methamphetamine.

**3) Defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation**

**officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing.** Specifically, the Government alleges that, on April 8, 2026, and April 14, 2026, Mr. Coleman failed to attend telehealth treatment sessions. The Government further alleges that, on April 27, 2026, and July 9, 2026, Mr. Coleman failed to appear for drug testing.

## RECOMMENDATION

The Court conducted a final revocation hearing on October 13, 2026. At the hearing, the Court reviewed the alleged violations of the above conditions with Defendant. Consenting to the undersigned's taking the plea, Defendant admitted as true the allegations contained in the U.S. Probation Office's petition.[1]

Based upon Defendant's plea of true to the allegations contained in the U.S. Probation Office's petition, the Court finds Defendant did violate his conditions of supervised release as alleged in the petition. Counsel announced the parties had agreed upon the sentence to be imposed. The Court, having considered the agreement as well as the applicable U.S. Sentencing Commission Guidelines, agreed with the parties' proposed sentence and recommended sentence be imposed as follows: Pursuant to the Sentencing Reform Act of 1984, it is recommended that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of fourteen (14) months, with a twelve (12) month term of supervised release to follow, the first six (6) months of which shall be served in a residential reentry center or similar facility.

While on supervised release, the previously imposed conditions (Dkt. No. 11 at 3-5) will be reimposed in addition to the following special conditions:

[1] Defendant's failed drug tests can be characterized as either a Grade B (for possession) or Grade C (for use) violation. Coleman admitted to the Grade C, use, violation.

Defendant must reside in a residential reentry center or similar facility, in a community corrections component for a period of 180 days to commence upon release from confinement and shall observe the rules of that facility.

Defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing.

Defendant must participate in any combination of psychiatric, psychological, or mental health treatment programs and follow the rules and regulations of that program, until discharged. This includes taking any mental health medication as prescribed by Defendant's treating physician. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing.

Defendant must provide the probation officer with access to any requested financial information for purposes of monitoring Defendant's efforts to obtain and maintain lawful employment.

## CONCLUSION

Based on the foregoing, it is

**RECOMMENDED** that Defendant's plea of true to the allegations in the petition be **ACCEPTED**. It is further

**RECOMMENDED** that Defendant's supervised release be **REVOKED**. It is further

**RECOMMENDED** that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of fourteen (14) months, with a twelve (12) month term of supervised

release to follow, the first six (6) months of which shall be served in a residential reentry center or similar facility, subject to the above-listed special conditions.

Finally, the undersigned recommends the Court request the Bureau of Prisons designate FCC Coleman for service of sentence.

The parties were informed of the right to file objections to the recommendations as set forth above. The parties waived their objections.

Defendant was also advised that he has the right to be present with counsel, to speak on his own behalf, and to have counsel speak on his behalf before any additional sentence is imposed. Defendant signed a written waiver of his right to be present and speak, and his right to have counsel present and speak, before the district judge imposes the recommended sentence.

SIGNED this the 15th day of October, 2026.

J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE